## CONTINUATION IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent (SA) Mallorie Campbell, being first duly sworn, hereby states:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been since December of 2021. I am currently assigned to the Detroit Field Division, Grand Rapids Field Office. I am also a participating member of the City of Kalamazoo Department of Public Safety (KDPS), Crime Reduction Team (CRT). I have had extensive training in firearms and narcotics investigations at the Federal Law Enforcement Training Center in both the Criminal Investigator Training Program and ATF Special Agent Basic Training. Prior to becoming a Special Agent with ATF, I was employed as a Sheriff's Deputy with the Jefferson County Sheriff's Office in Louisville, Kentucky, for approximately eight years. While with the Jefferson County Sheriff's Office, I was assigned to the Federal Bureau of Investigation's Louisville, Kentucky, White Collar Crimes Task Force for approximately four years. As an FBI TFO and as a Special Agent with the ATF, I have participated in numerous state and federal investigations to include theft of Federal Firearms Licensee's (FFL's), firearms investigations, financial crimes, healthcare fraud, illegal narcotics investigations, gang investigations, and human trafficking investigations, among others.

2. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

3.     Based on a joint State/Local/Federal investigation in this matter, there is probable cause showing that Kenneth D. MALORY II committed a violation of Title 18 U.S.C § 922(g)(1) (Felon in Possession of a Firearm and Ammunition) as discussed below.

**PROBABLE CAUSE**

**HISTORICAL INFORMATION KENNETH MALORY**

4.     On October 25, 2024, a witness contacted KDPS, specifically Officer Fulton, and stated that they had information about a suspect in a shooting at Canterbury Apartments in Oshtemo Township. The witness told Officer Fulton that Kenneth MALORY admitted to shooting a juvenile at Canterbury Apartments a couple months prior.

5.     During the interview, the witness gave specific details about the firearm MALORY possessed. The witness saw the gun and stated that they believed it was a black Glock handgun, and on the striker plate of the gun there was a pink skull. The witness told Officer Fulton that on the grip of the gun, MALORY had wrapped a white cloth tape so that the firearm would be less likely to retain latent fingerprints should it be seized by law enforcement. MALORY told the witness that he scratched the serial number off the firearm so it could not be traced.

**KVET INVESTIGATION – 2025**

6.     On November 3, 2025, the KDPS, CRT investigators conducted a directed patrol at the Bronco Liquor party store, 5034 West KL Avenue, Kalamazoo, Michigan. The mission of this directed patrol was to address gun violence in the area after recent incidents involving gun fire. While stationary at this location, CRT observed Kenneth MALORY II in the area, armed with a handgun.

7.      Sgt. Boglitsch of CRT observed MALORY seated in the front passenger seat of a dark grey Dodge Ram Pickup truck parked in front of the Bronco Liquor party store. Sgt. Boglitsch recognized MALORY. CRT had recently received information that MALORY was selling marijuana, armed with a handgun.

8.      Sgt. Boglitsch continued surveillance of MALORY in the Bronco Liquor parking lot. On four separate occasions, Sgt. Boglitsch observed pedestrians approach and contact MALORY at the front passenger door. Each time MALORY responded to them by manipulating something toward the floorboard of the vehicle and then opening the door of the vehicle and engaging in hand-to-hand contact at the vehicle side. Investigators recognized this pattern of behavior as drug-related contact.

9.      During continued surveillance of MALORY, Sgt. Boglitsch observed him exit the front passenger seat of the Dodge Ram and walk into the Bronco Liquor Party Store only to return to the vehicle moments later. While MALORY came and went from the liquor store, Sgt. Boglitsch observed a firearm protruding from his waistline under his thin tee-shirt. From his training and experience, Sgt. Boglitsch is familiar with the hard straight-line imprint that a firearm, specifically a firearm with an extended magazine makes underneath clothing. Sgt. Boglisch made CRT investigators aware of what he observed, and after MALORY had re-entered the vehicle with the firearm, they conducted a felony stop on the Dodge Ram.

10.     After MALORY was taken into custody, CRT investigators searched the Dodge Ram. They located a firearm immediately next to where MALORY had been seated. It was a Glock 22, 40 caliber pistol, with an extended magazine in the front passenger door panel. The Glock was loaded with a round chambered, ready to fire. There were 21 rounds inside of the firearm. The Glock handgun had a red rear striker plate with an image of a skull. This matched the firearm described by M.H. in October 2024. MALORY was the front seat passenger. Investigators located a large distribution size bag of marijuana on the dashboard in front of where MALORY had

been sitting. On the floorboard in front of MALORY, investigators located a black tool bag with additional marijuana, electronic scales, measuring items and packaging materials. This was consistent with where Sgt. Boglitsch observed MALORY reaching to conduct the suspected hand-to-hand drug deals.

11. SA Mallorie Campbell conducted a law enforcement computer check of MALORY and found him to be convicted of the below listed felony offenses:

   a. 2016- 9th Circuit Court, count 1: Felony-Armed robbery, count 2: Felony-Weapons, Felony Firearm

12. On November 5, 2025, SA Campbell spoke with SA Tim Hunt who is recognized by the ATF as having expertise in the interstate nexus of firearms. Based on the information provided and without physically inspecting the firearm, SA Hunt determined the Glock 22, 40 caliber pistol, meets the definition of a firearm as defined in 18 U.S.C. § 921(a)(3) and was manufactured outside the State of Michigan.

## **CONCLUSION**

13. Based on the aforementioned facts, I submit that there is probable cause showing that Kenneth D. Malory II committed a violation of Title 18 U.S.C § 922(g)(1) (Felon in Possession of a Firearm and Ammunition)

14. These violations having occurred in the Western District of Michigan.